*508 The Court delivered in tbe following opinion : — 'The plaintiffs here, executed an obligation “ to pay Leavén *509 JLawrence, Lockett, & Co. or order, the sum of seven hundred and fifty-nine pounds, thirteen shillings and two pence, Kentucky currency, which may be discharged in the following manner, viz : whatever quantity of good merchantable whiskey, delivered in good tight casks, in h'liddletown or Louisville, as said company may direct, on or before the first day of August next, is to be received, at 3 shillings per gallon ; the balance to be paid in good merchantable beef and pork, delivered in Middle-town,” &e. “ at 15 shillings per cwt.” &c. “ between the Tt 5th day of December next, and 25th of January 1804.”
Debt will lie on a wr iting call* ing for a fura of money which may be dif-charged in pro* perty.
The averment in a declaration of a breach of contradi, ihould negative every mode of performance which the previous a-verments would authorife.
Upon this, an action was brought by Leaven Lawrence, Luckett, & Go. in debt. The declaration, after setting forth the obligation, avers that the defendants, “ or either of them, did not pay and discharge the said sum of 759/. 13#. 2d. Kentucky currency, in whiskey, beef, and pork, delivered in Middletown, agreeable to the stipulations mentioned in the said writing obligatory-; but they did then and there neglect and refuse to discharge the said sum of money, by the delivery of the Said articles ; whereby, and in virtue of the premises, they becarpe liable to pay the said sum in money, and yet Sre liable, and an action hath accrued,” &c.
To this, the defendants had pleaded payment ; but by leave of the court, withdrew their plea ; and thereupon, the plaintiffs had judgment by nihil dicit: and now, three questions are made by the assignment of er-tors; :
1st. Whether the declaration is sufficient, without naming the other partners composing the firm ?
2d. Will an action of debt lié, on the writing declared bn £
3d. Are the averments of non-payment in whiskey, beef, arid pork, sufficient to maintain the action, anden-title the plaintiffs to the judgment ?
As to the first, it seems to the court, that it was, at most, but cause of'special denuirrer, or in abatement ; *rid therefore, too late to be taken advantage of, in arrest of judgment; as'to the second, that debt will lie, with proper and sufficient averments of non-payment in the stipulated commodities. '
Upon the third, it seems to the court, that the aver-ments in the declaration are insufficient. It would ap-j^ear,froiu the declaration, that the defendants in the ac- *510 titan, might have; paid the demand in whiskey, atLauis-ville^ or at Middletown — -the plaintiffs belo w having their election of the tw® places ; the balance unpaid m whiskey, if any, to be paid in beef and pork, at Middletown. The declaration avers the articles were not delivered at Middletown ; but does not state, the demand was not discharged in whiskey, at Louisville ; nor does the declaration aver that the plaintiffs made their election, or appointment, to have the whiskey at Middletown, and, not at Louisville ; and therefore, the breach in non-payment at Middletown only, is insufficient. The conclusion of law, drawn by the plaintiffs, that an action of debt for the money, had accrued, from the facts avered, does not seem warranted. The averment that the amount was not paid in Middletown, in pork, beef, or whiskey, is no averment that it was not paid in Louisville, in whiskey, as the defendants were at liberty to do, unless the plaintiffs had otherwise appointed, which is not alleged.--Judgment reversed.*
This cause was argued by
Allen, for the plaintiffs in error ; and by Hardin, for the defendants.

 In the cafe of Fuqua vs. Higgins, fpring term 1809, it was decided that debt would not lie on a note for “ 5/. is. 10d. in trade }** and in the cafe of Watson and M’Call vs. M'Nary, fame term, that it would not lie on an-- obligation for <( one horfe, at the value of 30/.” Same point decided at the feme term, in the cafe of Winn vs. Irwin.